# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: <br><br> ELISA M. OMEECHEVARRIA, <br><br> Debtor. <br> CHANEL E. TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> ELISA M. OMEECHEVARRIA, <br><br> Defendant. | Case No.   11-13658-RGM <br> (Chapter 7) <br><br><br><br><br><br> Adv. Pro. No. 11-1470 |

## TENTATIVE MEMORANDUM OPINION

This adversary proceeding is before the court on Chanel E. Taylor's Request to Reopen Bankruptcy Upon New Evidence. (Docket Entry 98). Ms. Taylor filed this adversary proceeding seeking to determine that a debt due to her by Elisa M. Omeechevarria, the debtor, was not discharged. The debtor's motion for summary judgment was granted and the complaint was dismissed. Ms. Taylor, the creditor, asserts that there is new evidence that the court should consider. Two rules provide the court's authority to its order: Fed.R.Bankr.P. 9023 and 9024.

### Timeliness of Motion

Both Rule 9023 and 9024 contain deadlines within which motions must be filed.

### Rule 9023

Rule 9023 states:

Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the [Bankruptcy] Code. A motion for a new trial or to alter or amend a

1

judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Rule 9023 requires that the motion for a new trial or to alter or amend a judgment be filed no later than 14 days after entry of the judgment. The judgments in issue were entered on February 17, 2012 and March 21, 2012. (Docket Entries 64 and 75, respectively). This motion was filed on December 20, 2013, outside the time limit permitted by Rule 9023. The motion may not be considered under this rule.

### **Rule 9024**

Rule 9024 incorporates Fed.R.Civ.P. 60 with three exceptions, none of which is applicable. The applicable provisions of Rule 60, "Relief From a Judgment or Order," are paragraphs (b) and (c). They state:

> (b)  Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)  the judgment is void;
> (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6)  any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>
> (1)  Timing. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Ms. Taylor's motion asserts that she discovered new evidence, and, generously considered, fraud or misconduct by the debtor. Assuming, for the sake of argument, that there is new evidence or that there was fraud or misconduct by the debtor, paragraphs (b)(2) and (b)(3), require a motion asserting these grounds be filed within one year after the entry of the judgment. In this case, both orders were entered more than a year before the filing of this motion and the motion is time-barred.

Neither rule permits the relief that Ms. Taylor seeks and the motion should be denied.

## Procedural Objection

The debtor raised the issue of whether this court could grant the creditor's motion because an appeal was pending when the motion was filed. The creditor filed a six-count complaint against the debtor seeking to have the debt owed to her excepted from discharge under §523(a) (2), (4), (6) and (15), dismissal of the case due to bad faith under §707(b) and denial of discharge under §727(a)(4). Summary judgment was granted in favor of the debtor on Count II under §523(a)(4) on February 17, 2012. (Docket Entry 64). Summary judgment was granted in favor of the debtor on all remaining counts on March 21, 2012. (Docket Entry 75). The creditor appealed to the District Court which affirmed this court's orders in a nine-page Amended Final Judgment entered on January 2, 2013. *Taylor v. Omeechevarria*, No. 1:12-cv-00584-TSE-TRJ (E.D.Va. Dec. 28, 2012). The creditor appealed to the Court of Appeals for the Fourth Circuit which affirmed the District Court on June 25, 2013. *Taylor v. Omeechevarria*, 530 Fed.Appx. 249 (4th Cir. 2013). The creditor filed a petition for a writ of certiorari in the Supreme Court which was denied on February 24, 2014. *Taylor v. Omeechevarria*, 134 S.Ct. 1305, 82 USLW 3493 (2014). There being no appeal presently pending, the objection is now moot.

3

**Rule 60(b)(2)**

If the creditor's motion was not time-barred, it should still be denied. The applicable provisions of Rule 60(b)(2) limit newly discovered evidence to evidence that with reasonable diligence "could not have been discovered in time to move for a new trial under Rule 59(b)," that is, within 14 days after the entry of the judgment.

The evidence that the creditor asserts is newly discovered is an expert's report addressed to her mother dated March 6, 2013. The report opines that the creditor's father's signature on the Designation of Beneficiary dated December 14, 1996 that changed the beneficiary of the creditor's father life insurance policy from the creditor to the debtor, who was then her father's wife, was not her father's signature. Her father died 18 days after the Designation of Beneficiary was signed. Pursuant to the final decree of divorce between her father and her mother, her father was required to maintain the creditor as the named beneficiary. The creditor's mother asserts that she sought payment of the life insurance benefits on March 1, 1997 but was denied the benefits because the beneficiary had been changed to the debtor and the benefits paid to her. Complaint at ¶18 ("Creditor learned of the wrongful taking of the life insurance benefit on March 1, 1997."). The creditor's mother, on behalf of the creditor who was then a minor, sued the debtor in Hawaii for her conduct in changing the beneficiary of the life insurance policy on May 27, 2003 and obtained a default judgment on February 12, 2009. Complaint at ¶¶ 20 and 21.

The expert's report is not newly discovered evidence within Rule 9024. The creditor, and previously her mother on her behalf, knew of the change in beneficiaries 17 years ago. Suit was filed in Hawaii almost 11 years ago and was pending for almost six years before a default judgment was entered against the debtor. The essential issue in all the litigation was the validity of the

December 14, 1996 Designation of Beneficiary. The creditor could have sought an expert's opinion as to the validity of her father's signature at any time prior to the orders entered in this case. No reason has been put forward as to why this was not possible.

It is not required that plaintiffs prove fraud or forgery in state court proceedings when other theories of liability suffice to obtain recovery. Failure to do so is not a waiver of a ground for non-dischargeability of a debt in a subsequent bankruptcy. *Brown v. Felson,* 442 U.S. 127, 137 (1979). The state court judgment will establish the debt, but – depending on the extent to which collateral estoppel applies – may not determine its non-dischargeability in bankruptcy. *Id.* at 139 n. 10. Thus, the appropriate period to obtain the expert report in this case is not the period from March 1, 1997 to December 20, 2013, but from the date that the debtor filed her bankruptcy petition on May 17, 2011 through December 20, 2013. Only at that time did non-dischargeability in bankruptcy become a relevant issue. There was adequate time for the creditor to obtain an expert's opinion between May 17, 2011 and March 21, 2012 when the last of the two orders was entered. The mere fact that the report was not written until March 6, 2013, does not make it newly discovered as of that date. It could have been obtained at any time prior to that date and with reasonable diligence should have.[1]

---

[1] The creditor alleged in her complaint that the Change of Beneficiary was "fraudulent." Complaint at ¶17. In light of the fraud theory, the expert's opinion on the validity of the signature could have been requested before the adversary proceeding was commenced. The creditor had the documents the expert relied upon in her possession before the decision in this case. The report utilizes photocopies of the two Designation of Beneficiary documents dated December 14, 1996. She attached them as Exhibit 7 to her pre-trial statement. *See* Docket Entry 44. The documents used as comparison standards were also reasonably available to the creditor or others were readily available in their place. James Taylor's will, the creditor's father, was Exhibit 10 of her pre-trial statement. *Id.* The copy of her parent's marriage certificate was attached to her motion for summary judgment. Docket Entry 49.

The creditor also asserts that the debtor used different social security numbers on documents signed under penalty of perjury. These documents were in the creditor's possession at the time of the summary judgment motion. She attached the notice of commencement of the debtor's bankruptcy which contains the debtor's complete social security number and was mailed to her at the commencement of the case. Plaintiff's Reply to the Defendant's Response to the Plaintiff's Request to Reopen Bankruptcy Based Upon New Evidence at ECF p. 42. Both the Part F Certification and the Statement of Claim Payment were attached to the complaint. Complaint, Attachment H at 4-5 (ECF pp. 67-68). They are at the heart of her complaint against the debtor. These documents do not constitute newly discovered evidence.

It should also be noted that the one-year limit imposed by Rule 60(c)(1) is an outside limit on newly discovered evidence. The applicable period is "a reasonable time," not to exceed one year. In this case, no reason was given for withholding the expert's March 6, 2013 report until December 20, 2013 when she filed her motion for reconsideration. The delay itself was not reasonable and placed the motion outside the "reasonable period." The motion should have been filed promptly even though an appeal was then pending.[2]

**Request for an Oral Hearing**

The creditor, a resident of Hawaii, requested an oral hearing to be held after May 2014. (Docket Entry 106). The creditor filed her motion on December 20, 2013, and the clerk noticed it for a hearing on January 25, 2014. The creditor requested that the hearing be rescheduled because of the logistics of obtaining leave from her job and making transportation arrangements. The court announced in its order of January 8, 2014, that the matter would be decided on the papers without an oral hearing and set a briefing schedule that allowed a reply brief by the debtor and a supplemental brief by the creditor.

---

[2]While the debtor raised the issue of the authority of this court to consider a motion to reconsider during the pendency of an appeal, the pendency of an appeal should not have deterred the creditor from filing her motion. Ordinarily, the filing of a timely notice of appeal has the effect of immediately transferring jurisdiction from the trial court to the appellate court with respect to the matters on appeal. *See Fobian v. Storage Technology Corp.*, 165 F.3d 887, 891 (4th Cir. 1999). The rule avoids "confusion or waste of time from having the same issue before two courts at the same time." *United States v. Salerno*, 868 F.2d 524, 540 (2nd Cir. 1989) and protects "the integrity of the appellate process." *Prudential Lines, Inc. v. Am. S.S. Owners Mutual Protection and Indem. Assoc., Inc. (In re Prudential Lines)*, 170 B.R. 222, 243 (S.D.N.Y. 1994). It applies to appeals from bankruptcy courts. *Prudential*, 170 B.R. at 243. However, the Fourth Circuit held in *Fobian* that a district court has the jurisdiction to entertain a Rule 60(b) motion even when a case is on appeal. It stated, "If the district court determines that the motion is meritless . . . the court should deny the motion forthwith. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose." *Fobian,* 165 F.3d at 891.

The court appreciates the creditor's apprehension and her concern that her arguments be clearly understood. This judge personally reviewed all the pleading in this adversary proceeding including the transcripts of the two hearings, as, undoubtedly, did the district judge and the Court of Appeals. While it would give the appearance of more thoughtful consideration if Ms. Taylor presented her case personally, the appearance would be disingenuous. The outcome appears plain from the papers. The motion is too late and the relief requested cannot be granted. To silently encourage Ms. Taylor to take time off work and spend not an inconsiderable amount of money to fly from Hawaii to Virginia (and back) to address the court for fifteen to thirty minutes with the implicit – but false – notion that the presentation would likely alter the outcome is simply unfair to her. Nonetheless, if Ms. Taylor would like the opportunity to make an oral presentation to address matters in light of this Tentative Memorandum Opinion, the court will hear her telephonically as it did on a prior occasion and will carefully consider her arguments. She must notify the clerk of her decision in this regard.

**Tentative Conclusion**

The court tentatively concludes that the motion should be denied because it was not filed within the time limits imposed by Rules 9023 and 9024. Alternatively, the proposed evidence is not newly discovered and the motion was not filed within a reasonable time.

Alexandria, Virginia
April 14, 2014

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Electronic copy to:

Stephen B. Ramsdell

Mail copy to:

Chanel Taylor
4348 Waialae Ave., #830
Honolulu, HI 96816

19052