# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | |
| ELISA M. OMEECHEVARRIA, | Case No.  11-13658-RGM |
| Debtor. | (Chapter 7) |
| CHANEL E. TAYLOR, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 11-1470 |
| ELISA M. OMEECHEVARRIA, | |
| Defendant. | |

## MEMORANDUM OPINION

This case was before the court on June 17, 2014, on Chanel E. Taylor's Request to Reopen Bankruptcy Upon New Evidence. (Docket Entry 98). Ms. Taylor filed this adversary proceeding seeking to determine that a debt due to her by Elisa M. Omeechevarria was not discharged. The debtor's motion for summary judgment was granted and the complaint was dismissed. Ms. Taylor asserts that there is new evidence that the court should consider.

### Nature of Claims

Ms. Taylor filed her complaint on August 18, 2011. She alleged that her father was obligated to maintain life insurance in force for her benefit pursuant to a divorce decree between her parents. After her parents were divorced, her father re-married. He married the debtor about mid-August 1996. Complaint ¶14. In November 1996 he was diagnosed with multiple myeloma, a fatal cancer of the blood. *Id.* at ¶15. Ms. Taylor alleged that:

1

> On December 17, 1996, with full knowledge of his impending death a specious change of beneficiary to the court ordered life insurance policy for Chanel E. Taylor, changing Chanel's name to [the debtor's] as sole beneficiary thereon, only two weeks before his death on January 1, 1997.
>
> On January 1, 1997, [Ms. Chanel's father] died. Two (2) weeks prior to his death, prepared a fraudulent Change of Beneficiary form and filed it with the Office of Personnel Management (OPM), changing the beneficiary to [the debtor]. One (1) day after the death of [Ms. Taylor's father], Debtor filed a fraudulent claim for insurance benefit with the full knowledge that the claim violated a Court order divorce decree. Debtor received and accepted insurance benefit money one (1) month after the death of [Ms. Taylor's father]. Debtor's actions were fraudulent and a violation of her fiduciary responsibility of James P. Taylor's estate. Debtor took the insurance money and took steps to make it appear that she had left Hawaii shortly thereafter. No probate proceeding was ever filed for the death of [Ms. Taylor's father].

*Id.* at ¶¶16 -17.

The complaint requested that the debt be declared nondischargeable under §§523(a)(2), (a)(4), (a)(6) and (a)(15), that the bankruptcy case be dismissed under §707(b) and that the debtor be denied a discharge under §727(a)(4). This court granted the debtor's motion for summary judgment. The debtor unsuccessfully appealed. *Taylor v. Omeechevarria,* No. 1:12–cv–00584–TSE–TRJ (E.D.Va. Dec. 28, 2012) *aff'd* 530 Fed.Appx. 249 (4th Cir.2013) *cert. denied* 134 S.Ct. 1305, 82 USLW 3493 (2014) *rehearing denied* 134 S.Ct. 2161, 82 USLW 3651 (2014). Judge Ellis' Amended Final Judgment dated January 10, 2013 carefully addressed each issue raised. In particular, he found that

> [Section] 523(a)(15) provides that a debt "to a spouse, former spouse, or child of the debtor . . . that is incurred by the debtor in the course of a divorce or separation" is not dischargeable. This section is inapplicable here as [Ms.] Taylor is simply not the "spouse, former spouse, or child of the debtor," Omeechevarria. Accordingly, the bankruptcy court was correct in concluding that §523(a)(15) is inapplicable.

Amended Final Judgment at 6.

### Discussion

### Timeliness of Motion

Two rules address the court's authority to reconsider its orders: Fed.R.Bankr.P. 9023 and 9024. Both contain deadlines within which motions to reconsider must be filed.

### Rule 9023

Rule 9023 states:

> Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the [Bankruptcy] Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Rule 9023 requires that the motion for a new trial or to alter or amend a judgment be filed no later than 14 days after entry of the judgment. The judgments in issue were entered on February 17, 2012 and March 21, 2012. This motion was filed on December 20, 2013, outside the time limit permitted by Rule 9023. The motion may not be considered under this rule.

### Rule 9024

Rule 9024 incorporates Fed.R.Civ.P. 60 with three exceptions, none of which is applicable. The applicable provisions of Rule 60, "Relief From a Judgment or Order," are paragraphs (b) and (c). They state:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

  (1) Timing. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Ms. Taylor's motion asserts that she discovered new evidence, and, generously considered, fraud or misconduct by the debtor. Assuming, for the sake of argument, that there is new evidence or that there was fraud or misconduct by the debtor, paragraphs (b)(2) and (b)(3) require a motion asserting these grounds be filed within one year after the entry of the judgment. In this case, both orders were entered more than a year before the filing of this motion and the motion is time-barred.

Neither rule permits the relief that Ms. Taylor seeks and the motion must be denied.

## Rule 60(b)(2)

If the creditor's motion was not time-barred, it would still be denied. The applicable provisions of Rule 60(b)(2) limits newly discovered evidence to evidence that with reasonable diligence "could not have been discovered in time to move for a new trial under Rule 59(b)," that is, within 14 days after the entry of the judgment.

The evidence that the creditor asserts is newly discovered is an expert's report addressed to her mother dated March 6, 2013. The report opines that the creditor's father's signature on the Designation of Beneficiary dated December 14, 1996 that changed the beneficiary of the creditor's father's life insurance policy from the creditor to the debtor, who was then her father's wife, was not her father's signature. Her father died 18 days after the Designation of Beneficiary was signed.

4

Pursuant to the final decree of divorce between her father and her mother, her father was required to maintain the creditor as the named beneficiary. The creditor's mother asserts that she sought payment of the life insurance benefits on March 1, 1997 but was denied the benefits because the beneficiary had been changed to the debtor and the benefits paid to her. Complaint at ¶18 ("Creditor learned of the wrongful taking of the life insurance benefit on March 1, 1997."). The creditor's mother, on behalf of the creditor who was then a minor, sued the debtor in Hawaii for her conduct in changing the beneficiary of the life insurance policy on May 27, 2003 and obtained a default judgment on February 12, 2009. *Id.* at ¶¶ 20 and 21.

The expert's report is not newly discovered evidence within Rule 9024. The creditor, and previously her mother on her behalf, knew of the change in beneficiaries 17 years ago. Suit was filed in Hawaii almost 11 years ago and was pending for almost six years before a default judgment was entered against the debtor. The essential issue in all the litigation was the validity of the December 14, 1996 Designation of Beneficiary. The creditor could have sought an expert's opinion as to the validity of her father's signature at any time prior to the orders entered in this case. No reason has been put forward as to why this was not possible.

It is not required that plaintiffs prove fraud or forgery in state court proceedings when other theories of liability suffice to obtain recovery. Failure to do so is not a waiver of a ground for non-dischargeability of a debt in a subsequent bankruptcy. *Brown v. Felson,* 442 U.S. 127, 137 (1979). The state court judgment will establish the debt, but – depending on the extent to which collateral estoppel applies – may not determine its non-dischargeability in bankruptcy. *Id.* at 139 n. 10. Thus, the appropriate period to obtain the expert report in this case is not the period from March 1, 1997 to December 20, 2013, but from the date that the debtor filed her bankruptcy petition on May 17,

2011 through December 20, 2013. Only at that time did non-dischargeability in bankruptcy become a relevant issue. There was adequate time for the creditor to obtain an expert's opinion between May 17, 2011 and March 21, 2012 when the last of the two orders was entered. The mere fact that the report was not written until March 6, 2013, does not make it newly discovered as of that date. It could have been obtained at any time prior to that date and with reasonable diligence should have been.[1] In addition, the one-year limit imposed by Rule 60(c)(1) is an outside limit on newly discovered evidence. The applicable period is "a reasonable time," not to exceed one year. In this case, no reason was given for withholding the expert's March 6, 2013 report until December 20, 2013 when she filed her motion for reconsideration. The delay itself was not reasonable and placed the motion outside the "reasonable period." The motion should have been filed promptly even though an appeal was then pending.[2]

---

[1] The creditor had the documents the expert relied upon in her possession before the decision in this case. The report utilizes photocopies of the two Designation of Beneficiary documents dated December 14, 1996. She attached them as Exhibit 7 to her pre-trial statement. The documents used as comparison standards were also reasonably available to the creditor or others were readily available in their place. James Taylor's will, the creditor's father, was Exhibit 10 of her pre-trial statement. *Id*. The copy of her parent's marriage certificate was attached to her motion for summary judgment.

The expert's opinion could have been requested before the adversary proceeding was commenced. The creditor alleged in her complaint that the Change of Beneficiary was "fraudulent." Complaint at ¶17.

The creditor also asserts that the debtor used different social security numbers on documents signed under penalty of perjury. These documents were also in existence and in the creditor's possession at the time of the summary judgment motion. She attached the notice of debtor's bankruptcy, which was in the public records of this case on the date of the hearing. As for the two benefit forms attached to the motion, both appear to have been created prior to the summary judgment hearing. Both the Part F Certification and the Statement of Claim Payment were attached to the complaint. Complaint at ¶¶67-68. The creditor knew of these documents and they do not constitute newly discovered evidence.

[2] While the debtor raised the issue of the authority of this court to consider a motion to reconsider during the pendency of an appeal, the pendency of an appeal should not have deterred the creditor from filing her motion. Ordinarily, the filing of a timely notice of appeal has the effect of immediately transferring jurisdiction from the trial court to the appellate court with respect to the matters on appeal. *See Fobian v. Storage Technology Corp.*, 165 F.3d 887, 891 (4th Cir. 1999). The rule avoids "confusion or waste of time from having the same issue before two courts at the same time." *United States v. Salerno*, 868 F.2d 524, 540 (2nd Cir. 1989) and protects "the integrity of the appellate process." *Prudential Lines, Inc. v. Am. S.S. Owners Mutual Protection and Indem. Assoc., Inc. (In re Prudential Lines)*, 170 B.R. 222, 243 (S.D.N.Y. 1994). It applies to appeals from bankruptcy courts. *Prudential*, 170 B.R. at 243.

**Discharge**

Ms. Taylor's attorney argued that the obligation to her was not discharged because a property settlement obligation is not discharged in the absence of an affirmative order of the bankruptcy court. The debtor was granted a discharge on November 14, 2011. While it is true that a property settlement claim is not dischargeable and that no adversary proceeding is necessary to effectuate the non-dischargeability of the debt, an adversary complaint may be filed by a creditor seeking a declaration that the claim is not discharged or by the debtor seeking a declaration that the claim was discharged. Absence a request for such a determination, the claim is not discharged. In this case, Ms. Taylor requested a determination of the dischargeability of the debt and the court found that §523(a)(15) was not applicable. The district court sustained this court's determination. None of the other objections was sustained and, thus, the debt was discharged.

**Conclusion**

The debt due from Ms. Omeechivarria to Ms. Taylor was discharged by the discharge order entered by this court on November 14, 2011. The motion to reopen this case will be denied because it was not filed within the time limits imposed by Rules 9023 and 9024. Alternatively, the proposed evidence is not newly discovered and the motion was not filed within a reasonable time.

---

However, the Fourth Circuit held in *Fobian* that a district court has the jurisdiction to entertain a Rule 60(b) motion even when a case is on appeal. It stated, "If the district court determines that the motion is meritless . . . the court should deny the motion forthwith. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose." *Fobian,* 165 F.3d at 891.

Alexandria, Virginia
June 18, 2014

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Electronic copy to:

Stephen B. Ramsdell

Mail copy to:

Chanel Taylor
4348 Waialae Ave., #830
Honolulu, HI 96816

19203